(SIA-7573)
**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Plaintiffs, President Container, Inc., et al

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 AUG 12  A 11: 54

| | |
|---|---|
| PRESIDENT CONTAINER, INC., GABRIEL ACOSTA, MAQBOOL AHMED, ROBERTO AQUINO, JOEL AZURIO, DOMINGO BAEZ, NELSON BEHAR, MARVIN BERGER, SINENCIO BETANCES, BARTON BLOOM, LEONARD BROMBERG, GONZILO BUBMO, SAMMUEL BUICE, GABRIEL BUSTAMONTE, DENNIS CAFIERO, MIGUEL CAMACHO, THOMAS CAMACHO, CESAR CARPO, JUAN CARRION, JOSE CASANAUO, DANIEL CASSINI, CARL CASTALDO, RAFAEL CASTRO, MIGUEL CATANO, GALO CAZZILLO, GUILLERMO CHIOZZA, JAMES CHISOLM, THOMAS CHRISTY, CARLOS CIRO, HENRY CLINE, ROBERT CONTI, ALBERTO CORRIA, REYNALDO CRUZ, DEMATENS DeJESUS, EFRAIN DeJESUS, MARINO DeLEON, ANGEL DE LOS SANTOS, ROBERT DeMARCO, NANCY DiBONA, MARJORIE EHRENFELD, JOSE ENCARNACIARO, LUIS ESTEVEZ, LUIS FERNANDEZ, CARMELA FORTE, ANGEL GARCIA, EDWARD GARCIA, ERICA GARNER, OSCAR GARRIDO, DENNIS GEORGE, SARAY GOMEZ, HIRAM GONZALEZ, LORRUZZO GONZALES, LUIS GONZALEZ, REYNOLD GRAHAM, LAWRENCE GROSSBARD, RICHARD GROSSBARD, WALEED HAKIM, TIODOLO HUITZIC, FRANCK JEAN-LOUIS, KENNETH JONES, KHALIF JONES, RUBEN JUSTO, SHELBY KAPLAN, JOHN KASZTAN, JEFFREY KATZOWITZ, HARRY KELLER, DANUTA KIBIL, ROLAND KOCHER, KURT KOHERE, VICTOR LARTIGA, GUILLEVANO LASCANO, MITCHELL LATORRE, CARLOS LOPERA, FRANCISCO LOPEZ, KEVIN LOPEZ, ATAHUOLRA LUGO, ERIK LUKACS, JOSE LUZUNARIS, JOSE MARCELO, HUGO MARETILLO, DANNY MARTINEZ, LISANDRA MARTINEZ, LUIS MARTINEZ, VICTOR MARTINEZ, JOSE MATOS, THOMAS McGIVNEY, EARL McNAIRO, HECTOR MENDEZ, JOSE MENDEZ, RICARDO MENDOZA, WALTER MEZA, NINA MILLER, RAMON MOLINA, MARJORIE MORATH, EMANUEL MUNAYYEZ, OSCAR MUNUOZ, THOMAS MURRAY, DAVID NICHOLSON, THOMAS OECHSNER, ALFREDO OLMEDO, LIONEL PACOMBE, CORMELO PADILLA, WILLIE PEARSON, FELIX PENA, ORLANDO PIMENTAL, PEDRO PINO, JOSE PINRDA, FREDILIO PLACERES, LISA POLITZ, TEDDY QUIRUGA, MERVYN RAMOS, WALTER RAMSFELDER, CRAIG REINHART, VICTOR REURON, RAFAEL RIVAS, EDWIN RIVERA, SALVADOR RIVERA, ALEX RIVLIT, PASCUAL ROSARIO, HAMLET RUBERT, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO.<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND**<br><br>04-3885 (JAP) |

JOSE RUIZ-MORILLO, RUAL SANTAMO, RENE
SANTANA, FRANCISCO SANTOS, PHILIP SERPE, RAFAEL
SIMONS, LORETTA SOLOWAY, KONSTANTINOS
STEFANIDES, ALAN STRANSKY, JUAN SUAREZ, KAREN
SURAK, LISA TARALLO, MAXIMO TELLO, SILVANO
TENCIC, STEVEN TESTA, LEON THOMAS, ANTONIO
VANDOULAKIS, JON VAN SKIVER, ANGEL VASQUEZ,
RAYMOND WARD, WILBIAN WELDON, LEWIS
WIEMERT, EDWARD WINTER, RICHARD WOLFLE,
JAMES WOODS, ANGEL YORRO and JACQUELINE
ZWINGIL,

                    Plaintiffs,

    v.

PACE LOCAL I-300 HEALTH FUND, PACE
INTERNATIONAL UNION, PACE INTERNATIONAL
UNION LOCAL I-300, CLARICE ST. LUCE, individually and
as fiduciary of Local I-300 Health Fund, GREGORY ST. LUCE,
individually and as administrator and fiduciary of Local I-300
Health Fund, MATTHEW DIMINNO, ALLAN FUNK,
MURRAY MILLER, individually and as fiduciaries of Local
I-300 Health Fund, AMERIHEALTH ADMINISTRATORS,
INC., HEALTHCHOICE, INC.., and JOHN DOES 1-20 who are
other officers and/or directors of Defendants,

                    Defendants.

        Plaintiffs, President Container, Inc., et al. (collectively, "Plaintiffs"), through their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., by way of Complaint against Defendants, Pace Local I-300 Health Fund, Pace International Union, Pace International Union Local I-300, Clarice St. Luce, Gregory St. Luce, Matthew DiMinno, Allan Funk, Murray Miller, Amerihealth Administrators, Inc., Healthchoice, Inc. and John Does 1-20 (collectively, "Defendants"), allege as follows:

## FIRST COUNT

### Introduction

    1.    This is an action alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") arising from Defendants' failure to pay

Plaintiffs' health benefits and Defendants' breaches of fiduciary duty, breaches of contract, fraud and misrepresentation.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1451(c) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the Defendants reside or is found in this district and, pursuant to 28 U.S.C. § 1391(b) in that the causes of action arose in this district.

### Parties

4. Plaintiff, President Container, Inc. ("President Container" or the "Company") is a New York corporation having its principal place of business located at 200 West Commercial Avenue, Moonachie, New Jersey 07074. President Container has standing to sue under ERISA as an "employer" within the meaning of 29 U.S.C. § 1451 and as a "party in interest", based on, among other things, its interest in the welfare of its employees, within the meaning of 29 U.S.C. § 1002(14).

5. Plaintiffs other than President Container are individual employees of President Container and vested participants in the Defendant PACE Local I-300 Health Fund (the "Fund"). These Plaintiffs have standing to bring this action under 29 U.S.C. § 1451(a).

6. The Fund is a multiemployer welfare fund within the meaning of 29 U.S.C § 1002(37)(A) and the plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B). The Fund has its principal place of business at 1220 U.S. Highway 22, West, Mountainside, New Jersey 07092 and is administered in this district.

30757/0031-2170879v1

7.  PACE International Union (the "Union") is an international union having its principal place of business at 792 Chimney Rock Road, Martinsville, New Jersey 08836.

8.  PACE International Local I-300 ("Local I-300") is a local affiliated with the Union.

9.  Clarice St. Luce ("Clarice") is the President/Business Manager of Local I-300 and a Union Trustee of the Fund. Clarice is a "fiduciary" of the Fund within the meaning of ERISA and, therefore, owes a duty to discharge her duties with respect to the Fund solely in the interests of the participants and beneficiaries and with a duty of loyalty and due care.

10. Gregory St. Luce ("Gregory") is a fiduciary of the Fund and the Fund Administrator. Gregory is the "administrator" and a "fiduciary" of the Fund within the meaning of ERISA and, therefore, owes a duty to discharge his duties with respect to the Fund solely in the interests of the participants and beneficiaries and with a duty of loyalty and due care.

11. Matthew DiMinno ("DiMinno") is, upon information and belief, a Union Trustee and fiduciary of the Fund within the meaning of ERISA and, therefore, owes a duty to discharge his duties with respect to the Fund solely in the interests of the participants and beneficiaries and with a duty of loyalty and due care.

12. Allan Funk ("Funk") is, upon information and belief, an Employer Trustee and fiduciary of the Fund within the meaning of ERISA and, therefore, owes a duty to discharge his duties with respect to the Fund solely in the interests of the participants and beneficiaries and with a duty of loyalty and due care.

13. Murray Miller ("Miller") is, upon information and belief, an Employer Trustee and fiduciary of the Fund within the meaning of ERISA and, therefore, owes a duty to discharge

30757/0031-2170879v1

his duties with respect to the Fund solely in the interests of the participants and beneficiaries and with a duty of loyalty and due care.

14. Amerihealth Administrators, Inc. ("Amerihealth") contracted with Local 1-300 and/or the Fund to provide Fund administration and network services for the Fund until September 1, 2003. Amerihealth is a party in interest within the meaning of 29 U.S.C. § 1002(14) that, upon information and belief, failed to properly administer the Fund and pay employees' covered claims, thereby causing Plaintiffs' damages.

15. Healthchoice, Inc. ("Healthchoice") has provided Fund administration and network services for the Fund from September 1, 2003 to the present. Amerihealth is a party in interest within the meaning of 29 U.S.C. § 1002(14) that, upon information and belief, failed to properly administer the Fund and pay employees' covered claims, thereby causing Plaintiffs' damages.

16. Amerihealth and Healthchoice are third party administrators (collectively "TPAs") of the Fund.

17. Qualcare, Inc. (Qualcare") is a network of health care providers from whom participants could obtain services under the Fund after September 1, 2003.

18. John Does 1-20 include other trustees and/or fiduciaries of the Fund, whose identities are not yet known, who have liability under the Fund based upon ERISA.

### President Container Joins the Fund

19. In or about September 2001, President Container, on behalf of its union and non-union employees, joined the Fund. At the outset, the Fund utilized Amerihealth as its TPA.

30757/0031-2170879v1

### President Container Remains With The Fund As a Result of the Representations Regarding Its Viability

20. Almost immediately after President Container joined the Fund, Plaintiffs had problems with their medical claims being paid even though, at all relevant times, President Container had paid its premiums in a timely manner.

21. President Container spoke to Fund representatives on numerous occasions regarding this issue. Fund representatives initially blamed the failure to pay employees' claims on Amerihealth and Healthchoice. In turn, Amerihealth and Healthchoice blamed the failure to pay claims on the Fund. Despite this finger pointing, Clarice and Gregory always promised and assured President Container that the Fund would pay all covered claims.

22. In or about September 2002, President Container was negotiating a collective bargaining agreement with President Container Employees' Association ("PCEA"). As part of these negotiations, PCEA had the option to choose between the Fund and another local union's medical fund, the Local 560 Health Plan. At that time, President Container's concerns about having its employees remain as participants in the Fund intensified, given the numerous problems Plaintiffs had experienced with their claims being paid.

23. In response to President Container's concerns, Defendants represented and strongly assured the Company that its employees' claims, including the Plaintiffs, would be paid and that the Fund was viable and stable. In this regard, Defendants sent President Container a financial statement, which ostensibly indicated that the Fund had $851,455.00 in cash and cash equivalents as of September 30, 2002.

24. In addition to sending President Container the financial statement, Clarice and Gregory repeatedly assured Larry Grossbard ("Grossbard"), President Container's Vice President, and Marvin Berger ("Berger"), President Container's Vice President Administration,

6

that all employees' covered claims would be processed and paid in accordance with the Fund's claim procedures.

25.  In or about May 2003, PCEA joined a different health plan, but the Company's office employees and mechanics, who are members of PACE Local 1-300, remained with the Fund.

26.  On or about September 1, 2003, Local 1-300 changed its TPA and provider network from Amerihealth to Healthchoice and changed its provider network to Qualcare.

27.  On January 5, 2004, on behalf of Local 1-300, the Union and the Fund, Gregory wrote to "Members of the Fund," and stated that, although the Fund had problems paying claims in 2003, the Fund was again viable and reorganizing itself so that it would be able to pay all claims in 2004. In his letter, Gregory expressly stated: "We want to assure you that all obligations will be met and all legitimate claims will be paid."

28.  Based on Clarice and Gregory's express representations as to the stability and strength of the Fund, President Container and its office employees and mechanics remained in the Fund as the vehicle to provide health insurance.

29.  On January 19, 2004, President Container made a premium prepayment of $60,000 to the Fund in order that it would specifically pay outstanding claims for the Company's office employees through June 30, 2003. Upon information and belief, Defendants failed to utilize the entire $60,000 as directed and intended by the Company and agreed to by Defendants.

30.  On June 10, 2004, Grossbard and Berger again spoke with Clarice about the substantial problems the Plaintiffs were having and the substantial amount of unpaid claims. During their telephone conversation, Clarice promised and assured Grossbard and Berger that the

Fund would pay all the outstanding Qualcare claims by the end of June 2004. Clarice also promised that she would confirm this representation in writing for Plaintiffs.

31. To date, Clarice has not provided written confirmation of her promise. Moreover, despite Defendants' repeated promises, the Fund has not paid the outstanding Qualcare or Amerihealth claims.

## Despite Defendants' Representations and Assurances, the Fund and the TPAs Fail to Pay President Container's Employees' Claims

32. Despite Defendants' repeated promises and assurances, the Fund and Healthchoice have not faired better in 2004 concerning their processing and paying of claims. Unfortunately, despite President Container's consistent payment of its premiums, the Fund and the TPAs have not paid numerous claims of Plaintiffs for services obtained beginning in 2002 to date through either the Amerihealth or Qualcare networks.

33. Upon information and belief, despite Defendants' express representations, the Fund does not have sufficient funds, and has not had sufficient funds for some time, to satisfy Plaintiffs' medical claims.

34. Upon further information and belief, Defendants have not utilized the premiums and other funds for their intended purpose.

35. Plaintiffs' health care providers are bombarding Plaintiffs with demands for payment.

36. By letter dated July 27, 2004 and sent via certified mail, the Fund notified President Container that it would cancel the health insurance coverage for all President Container employees effective August 1, 2004, despite the Fund's failure to pay many outstanding covered claims for medical services.

8

37. As a direct and proximate result of Defendants' failure to pay benefits and because of Defendants' express and material misrepresentations of fact, Plaintiffs have suffered, and will continue to suffer, substantial damages.

## CAUSE FOR ACTION

### (Violations of ERISA – Failure to Pay Benefits)

38. At all relevant times, President Container has been an employer within the meaning of ERISA.

39. At all relevant times, the individual Plaintiffs have been "participants" in, and "beneficiaries" of, the Fund within the meaning of ERISA § 1002(7) and (8).

40. From 2002 to the present, Plaintiffs have requested on numerous occasions that the Fund and/or the TPAs pay the covered medical bills rendered by various healthcare providers. Despite these repeated requests, the said Defendants have not paid all of the requested benefits.

41. As a direct and proximate result of said Defendants' failure to pay benefits due under the Fund, and Defendants' material misrepresentations of fact as to the Fund's viability and resources, upon which Plaintiffs reasonably relied, Plaintiffs have suffered substantial damages.

42. Defendants' intentional and/or negligent failure to properly administer the Fund and their failure and refusal to provide Plaintiffs with their rightful benefits constitute, inter alia, violations of ERISA, 29 U.S.C. § 1451.

43. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been, and will continue to be, substantially damaged.

30757/0031-2170879v1

WHEREFORE, Plaintiffs demand judgment against Defendants, PACE Local 1-300 Health Fund, PACE International Union, PACE International Union Local 1-300, Clarice St. Luce, Gregory St. Luce, Matthew DiMinno, Allan Funk, Murray Miller, Amerihealth Administrators, Inc., Healthchoice, Inc., and John Does 1-20, jointly, severally and/or in the alternative, as follows:

    A.    Granting declaratory relief that the Fund and/or the TPAs are obligated to pay each Plaintiff all amounts due from the Fund;

    B.    Ordering a full accounting of the Fund;

    C.    Ordering that Defendants make full restitution to the Fund in the amount of any losses sustained by the Fund as a consequence of the wrongful conduct alleged herein, together with prejudgment interest;

    D.    Preliminarily and permanently enjoining Defendants from engaging in any action violative of ERISA;

    E.    Damages;

    F.    Punitive damages;

    G.    Attorneys' fees;

    H.    Interest;

    I.    Costs of suit; and

    J.    Such other and further relief as the Court deems just and equitable under the circumstances.

## SECOND COUNT
### (Breaches of Fiduciary Duty Under ERISA)

44.    Plaintiffs repeat and reallege each and every allegation contained in the First Count of the Complaint as if same were fully set forth at length herein.

45. Pursuant to ERISA, Clarice, Gregory, DiMinno, Funk, Miller, and John Does 1-20 are fiduciaries and/or owe Plaintiffs a duty, inter alia, to administer the Fund with due care and in good faith, and to act solely in the best interests of the Fund's participants and beneficiaries.

46. By making material misrepresentations of fact to Plaintiffs regarding, inter alia, the viability, resources and future of the Fund, upon which Plaintiffs reasonably relied to their substantial detriment, Defendants have breached the fiduciary duties owed to Plaintiffs in violation of, inter alia, ERISA, 29 U.S.C. §§ 1104, 1109.

47. As a direct and proximate result thereof, Plaintiffs have been, and will continue to be, substantially damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants, PACE Local 1-300 Health Fund, PACE International Union, PACE International Union Local 1-300, Clarice St. Luce, Gregory St. Luce, Matthew DiMinno, Allan Funk, Murray Miller, Amerihealth Administrators, Inc., Healthchoice, Inc., and John Does 1-20, jointly, severally and/or in the alternative as follows:

A. Granting declaratory relief that the Fund and/or the TPAs are obligated to pay each Plaintiff all the amounts due from the Fund;

B. Ordering a full accounting of the Fund;

C. Ordering that Defendants make full restitution to the Fund in the amount of any losses sustained by the Fund as a consequence of the wrongful conduct alleged herein, together with prejudgment interest;

D. Preliminarily and permanently enjoining Defendants from engaging in any action violative of ERISA;

11

  E. Damages;

  F. Punitive damages;

  G. Attorneys' fees;

  H. Interest;

  I. Costs of suit; and

  J. Such other and further relief as the Court deems just and equitable under the circumstances.

          COLE, SCHOTZ, MEISEL,
          FORMAN & LEONARD, P.A.
          Attorneys for Plaintiffs

          By: _____
            Steven I. Adler

DATED: August 11, 2004

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                COLE, SCHOTZ, MEISEL,
                                FORMAN & LEONARD, P.A.
                                Attorneys for Plaintiffs

By: _____
       Steven I. Adler

DATED: August 11, 2004