NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
GABRIEL ACOSTA et al.,              :
                                    :
         Plaintiffs,                :    Civ. No. 04-3885 (JAP)
                                    :
     v.                             :
                                    :    **OPINION**
PACE LOCAL I-300 HEALTH FUND et al.,:
                                    :
         Defendants.                :
_____:

PISANO, District Judge.

Third-Party Plaintiffs Matthew DiMinno ("DiMinno") and Alan Funk ("Funk") (together "Third-Party Plaintiffs" or "DiMinno and Funk") brought a Third-Party Complaint[1] against Gary A. Carlson ("Carlson"), the law firm of Kroll Heineman & Giblin ("Kroll"), and the law firm of Lynch Martin ("Lynch Martin") (together "Defendants") alleging that Defendants committed legal malpractice and breached fiduciary duties pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") arising out of Carlson's representation of Third-Party Plaintiffs and the Pace Local I-300 Health Fund. On February 9, 2007, the Court issued an Order dismissing the Third-Party Complaint. The Court dismissed Third-Party Plaintiffs' legal malpractice claims for failure to comply with New Jersey's Affidavit of Merit Statute and failure to state a claim upon which relief can be granted, and dismissed the ERISA claims on the grounds that Defendants did not qualify as ERISA fiduciaries. Currently before the

---

[1] DiMinno and Funk each filed his own Third-Party Complaint. (*See* Dkt. #64, #65.) The claims alleged in those complaints, however, are identical. For the sake of simplicity, the Court will use the singular "Third-Party Complaint" to refer to both.

Court is Third-Party Plaintiffs' Motion for Certification for Interlocutory Appeal or for Final Judgment, and Stay of Dismissal.  For the reasons stated below, that motion is denied.

## I. DISCUSSION

### *A. Third-Party Plaintiffs Have Not Satisfied the Elements of 28 U.S.C. § 1292(b)*

Pursuant to 28 U.S.C. § 1292(b), a district court has discretion to certify an order for interlocutory appeal if that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  "Interlocutory appeal under Section 1292(b), however, is to be 'used sparingly' and only in 'exceptional' circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Morgan v. Ford*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (quoting *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998).  The burden of showing that exceptional circumstances exist rests with the moving party.

A controlling question of law is one which, if decided erroneously, would result in reversal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).  Third-Party Plaintiffs argue that the Affidavit of Merit issue is a controlling question of law because the Court's finding, if erroneous, would constitute reversible error.  Third-Party Plaintiffs fail to recognize, however, that the Court set forth alternative grounds for dismissal of the malpractice claims, namely that Third-Party Plaintiffs could not establish all of the elements of a legal malpractice claim. *See Acosta v. Pace Local I-300 Health Fund*, No. 04-3885, 2007 WL 496877, at *6-8 (D.N.J. Feb. 9, 2007).  Because the Court included alternative grounds for the dismissal of the legal malpractice claims, it is conceivable that the Court of Appeals could reverse the Court's

conclusion regarding the Affidavit of Merit Statute, but still affirm the Court's dismissal of the professional negligence claims. Thus, the Court's ruling on the Affidavit of Merit requirement does not present a controlling question of law.

Further, Third-Party Plaintiffs have not shown that "there is substantial ground for difference of opinion" as to the Court's application of the Affidavit of Merit Statute. Contrary to Third-Party Plaintiffs' assertions, the Court's February 9, 2007 Order does not conflict with the Third Circuit's admonitions that "a defendant is required to answer the amended complaint even if the new version does not change the charges against him" and that the purpose of the Affidavit of Merit Statute "is best implemented . . . by establishing as the beginning point of the 120-day limitations period the date on which a defendant files his answer to the final amended complaint." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002).

The result in the instant case differed from the result in *Snyder* because of the facts presented in this case, not a failure on the Court's part to faithfully apply *Snyder*. As the Court explained in its February 8, 2007 Opinion, Third-Party Plaintiffs did not file an amended complaint in this case. Instead, they filed cross-claims as part of an answer to the Complaint-in-Intervention. Nothing in *Snyder* requires the Court to characterize those cross-claims—arising from a pleading that was altogether distinct from the pleading that gave rise to the Third-Party Complaint—as an amended complaint for purposes of the Affidavit of Merit Statute. This is particularly true where, as here, Lynch Martin and Carlson were not parties to the Complaint-in-Intervention and the Intervenor voluntarily dismissed the claims against Kroll. Third-Party Plaintiffs have failed to identify any support for their contention that Defendants should have answered cross-claims arising out of a pleading to which they were not parties. Nor do they

explain how Defendants failure to do so impacts the running of the Affidavit of Merit limitations period for the Third-Party Complaint. What is clear to the Court is that Third-Party Plaintiffs disagree with the Court's analysis of the particular facts of the case. They do not, however, demonstrate that there is a substantial difference of opinion regarding proper application of the Affidavit of Merit Statute.[2]

The same is true with respect to the Court's conclusion regarding the ERISA claims. The Court acknowledged that there are circumstances under which an attorney may qualify as a fiduciary, but found, based on the particular facts alleged, that Carlson did not exceed his role as an attorney. *Acosta*, 2007 WL 496877, at *10. Just as with the Affidavit of Merit issue, there is no substantial difference of opinion regarding the Court's analysis of the facts and application of the law to those facts. Thus, the Court finds that Third-Party Plaintiffs have failed to meet the second element of § 1292(b). *See Morgan*, 2007 WL 269806, at *3 ("[M]ere disagreement with the Court's conclusion does not constitute a controlling question of law warranting an interlocutory appeal.").

Turning to the third element of § 1292(b), Third-Party Plaintiffs argue that immediate appeal of this ruling will materially advance the ultimate termination of the litigation because a final ruling on Defendants' exposure to liability will allow all parties to this litigation to engage in more meaningful settlement negotiations. The Court finds, however, that Third-Party

---

[2] Even if the Court accepted Third-Party Plaintiffs' argument that the difference between *Snyder* and the instant case goes beyond factual distinctions, Third-Party Plaintiffs' citation of two allegedly contradictory opinions on the Affidavit of Merit issue is insufficient to support their contention that there are substantial grounds for difference of opinion. *See Arista Records, Inc. v. Flea World, Inc.*, No. 03-2670, 2006 WL 2882990, at *3 (D.N.J. Oct. 10, 2006) ("The difference of opinion must be legally significant (e.g., multiple courts disagree as to the applicable legal standard) . . . .").

Plaintiffs' speculation that an interlocutory appeal will facilitate settlement is insufficient to overcome the Third Circuit's general prohibition against piecemeal appellate review. *See In re Magic Marker Sec. Litig.*, 472 F. Supp. 436, 438-39 (E.D. Pa. 1979) ("[T]he party seeking certification . . . should come forward with something more than mere conjecture in support of his claim that certification may save the court and the parties substantial time and expense.").

Considering that there are numerous other claims proceeding through discovery and towards trial, the Court is reluctant to permit an interlocutory appeal that likely will result in the delay of an already protracted litigation. *See Piazza v. Major League Baseball*, 836 F. Supp. 269, 271-72 (E.D. Pa. 1993). Third-Party Plaintiffs have not demonstrated that an immediate appeal of these issues would materially advance the termination of the litigation. Further, their request simply does not involve the type of "exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Morgan*, 2007 WL 269806, at *2. Accordingly, the Court, in its discretion, denies Third-Party Plaintiffs' request for certification under § 1292(b).

### B. There Is No Basis for the Entry of a Rule 54(b) Order

Next, Third-Party Plaintiffs request that the Court enter final judgment under Federal Rule of Civil Procedure 54(b), thereby permitting them to appeal the February 9, 2007 Order. Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Whether a decision is final and whether there is no just reason to delay an appeal are matters left to the Court's discretion. *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980). In determining whether there is any just reason for delay, a court "must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* (quotation omitted). Further, courts should not enter Rule 54(b) orders "routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case . . . ." *Speeney v. Rutgers*, No. 02-961, 2007 WL 498290, at *2 (D.N.J. Feb. 9, 2007) (quotation omitted).

Third-Party Plaintiffs again invoke the need for interlocutory appeal in order to facilitate settlement. They also argue that the equities in this case support the entry of a Rule 54(b) order. The Court finds, however, that a balancing of the equities militates against the entry of a Rule 54(b) order for the same reasons that an interlocutory appeal would not materially advance the termination of the litigation. As discussed above, an interlocutory appeal likely will result in the delay of an already protracted litigation. Moreover, there is a possibility that the need for review of the Court's February 9, 2007 Order will become moot after resolution of the other claims in this case because Third-Party Plaintiffs' claims against Defendants are contingent on a finding of liability on the part of DiMinno and Funk. Lastly, the Court is satisfied that postponing an appeal until the remaining claims are adjudicated will not result in prejudice to Third-Party Plaintiffs. It cannot be said that there is no just reason to delay the appeal, and this is not one of the infrequent harsh cases in which Rule 54(b) order should be entered. Accordingly, the Court denies Third-Party Plaintiffs' request for a Rule 54(b) order.

## II. CONCLUSION

      For the reasons expressed above, the Court denies Third-Party Plaintiffs' Motion for Certification for Interlocutory Appeal or for Final Judgment, and Stay of Dismissal.  An appropriate order accompanies this opinion.

/s/ Joel A. Pisano<br>
JOEL A. PISANO, U.S.D.J.

Dated:  April 9, 2007